UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sheldon Owens,                                                    Civil No. 13-684 JRT/AJB

                Plaintiff,
                                                                  **REPORT AND RECOMMENDATION**
v.                                                                **ON DEFENDANT'S MOTION TO DISMISS**

US Bank Corporation,

                Defendant.

    Sheldon Owens, 1918 Park Avenue, Minneapolis, MN 55404, pro se plaintiff;

    Michelle Kreidler Dove, Esq., for defendant US Bank Corporation.

    This action is before the court, Chief Magistrate Judge Arthur J. Boylan, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, on defendant's Motion to Dismiss with prejudice and for Attorneys' Fees and Costs [Docket No. 4]. The motion is considered on the documents and without hearing. The case has been referred to the magistrate judge for report and recommendation under 28 U.S.C. §636(b). It is the court's determination herein that defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b) should be granted in part and denied in part as further stated herein.

**Pleadings and Claims**

    Plaintiff Sheldon Owens commenced this action by complaint venued in Hennepin County, in which he alleged claims for violation of the Federal Debt Collection Practices Act ("FDCPA"), Title VII, § 801, et seq.[1] Plaintiff served the summons and complaint

---

[1] Notice of Removal to Federal Court, Ex. A [Docket No. 1].

1

by mailing the pleading to defendant U.S. Bank on March 4, 2013.[2] Defendant acknowledged service and returned the Notice and Acknowledgment of Service by Mail on March 22, 2013.[2] Defendant further removed the matter to U.S. District Court for the District of Minnesota based upon federal question jurisdiction under the FDCPA, 15 U.S.C. § 1692, et seq. The Notice of Removal was served on the plaintiff and filed in federal court on March 25, 2013.[3]

Defendant U.S. Bank served and filed the present motion to dismiss on April 12, 2013. Defendant therein asserts that it is not a "debt collector" as defined in the FDCPA and is therefore not subject to the claims alleged in this action. Defendant further contends that the claims are stated in conclusory fashion and the complaint does not contain sufficient facts to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted. Plaintiff did not submit written argument in opposition to the motion to dismiss and has not otherwise appeared in this action subsequent to removal to federal court.[4] However, defendant did file a Meet-and-Confer Statement indicating that defendant's counsel met with the pro se plaintiff prior to filing the present motion and parties were not able to reach agreement as to resolution of any part of the motion.[5]

---

[2] Notice of Removal to Federal Court, Ex. A, page 5.

[2] Id., Ex. B.

[3] Id.

[4] Dist. of Minnesota Local Rule 7.1(g) states that if a party fails to timely file and serve a memorandum of law, the court may (a) cancel the hearing and consider the matter submitted without oral argument; (2) reschedule the hearing; (3) hold a hearing, but refuse to permit oral argument by the party who failed to file; (4) award reasonable attorney's fees to the opposing party; (5) take some combination of these actions; or (6) take any other action that the court considers appropriate.

[5] [Docket No. 9].

**Standard of Review**

A complaint that is being challenged on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible. Twombly, 127 S.Ct. at 1974. When reviewing a motion to dismiss, the claim must be liberally construed, assuming the facts alleged therein to be true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 127 S.Ct. at 1964-65. A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss even where the likelihood of recovery appears remote. Id. at 1965. However, a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment. However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. Piper Jaffray v. Nat'l Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997) (citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D. Minn. 1996)). See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997).

In support of its motion to dismiss, the defendant has submitted the Affidavit of Stephanie Anne Smith and the Affidavit of John P. Olson. The affidavits are submitted for the limited purpose of establishing that the plaintiff once had a mortgage account and a checking account with the defendant bank, and U.S. Bank was therefore not a "debt collector" under the FDCPA. The affidavits contain fact assertions which are necessarily embraced in complaint allegations which are wholly based upon FDCPA provisions prohibiting abusive collection practices by debt collectors. Therefore, the motion will not be treated as Rule 56 summary judgment motion.

**Discussion**

The complaint in this matter concisely alleges five separate actions by the defendant, each of which is asserted to be a direct violation of a provision of the FDCPA. Specifically, it is alleged that: (1) the defendant has improperly called plaintiff's place of employment in an attempt to collect an alleged debt, in violation of Section 805(a)(3); (2) the defendant has called the plaintiff's home after 9:00 p.m. in an attempt to collect an alleged debt, in violation of Section 805(a)(1); (3) the defendant has been served with a cease and desist letter by the plaintiff, yet continues to call plaintiff at home and at work in an attempt to collect an alleged debt, in violation of Section 805(c); (4) defendant has failed to respond by mail within 30 days to plaintiff's request to validate an alleged debt, and yet continues to pursue collection activity for the alleged debt, in violation of Section 809(b); and (5) defendant has refused to validate an alleged debt, and yet continues to report the alleged debt to credit bureaus, in violation of Section 809(b).[6]

---

[6] Notice of Removal, Attach. A, Summons and Complaint.

The plaintiff's complaint provides no particulars whatsoever with respect to each of the asserted instances of an FDCPA violation. Moreover, the pleading contains no allegation(s) and no facts, and plaintiff offers no written argument, to support a contention that the defendant is a debt collector, or is otherwise subject to damages for violation of provisions of the FDCPA. As noted in defendant's memorandum,[7] the complaint lacks any fact allegations as to: (1) the nature of the underlying debt; (2) the time of offending calls to plaintiff's place of employment or his home or the content of such calls; the date(s) of calls after 9:00 p.m.; (3) the contents or means of service of the cease and desist letter sent to the defendant; (4) the number or description of calls; or (5) details regarding the requests for debt validation. In short, plaintiff has made only general and conclusory allegations which are nothing more that mere recitations of statutory language and are not supported by any fact information whatsoever. Under these circumstances the court concludes that the complaint fails to state a plausible claim and dismissal under Rule 12(b)(6) is appropriate. Twombly, 127 S.Ct. at 1974.

Similarly with respect to U.S. Bank's argument that it is not a debt collector and is therefore not subject to the prohibitions of the FDCPA, the plaintiff has asserted no facts to establish that the defendant is a debt collector, subject to the FDCPA claims put forth in complaint. Dismissal is appropriate for that reason as well.

Based upon the foregoing discussion and conclusions, the magistrate judge makes the following:

## RECOMMENDATION

It is hereby **recommended** that:

---

[7] Defendant U.S. Bank, N.A.'s Memorandum of Law in Support of Motion to Dismiss, page 5 [Docket No. 6].

1. Defendant U.S. Bank Corporation's Motion for Dismissal with prejudice and for Attorneys' Fees and Costs [Docket No. 4] be **granted in part and denied in part** as further stated herein;

2. Defendant U.S. Bank Corporation's motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) be **granted** and that the complaint be **dismissed without prejudice**; and

3. Defendant U.S. Bank Corporation's motion for fees and costs be **granted in part and denied in part** as provided herein. Defendant should be awarded the $350 filing fee incurred in removing this case to federal court. Assessment of the $350 fee award should be **stayed**, though such stay should be lifted, and payment of the award should be required, before plaintiff may proceed on any subsequent action against defendant U.S. Bank, based upon any mortgage account or banking relationship existing between the parties prior to the date of commencement of this case.

Dated: <u>June 6, 2013</u>

    <u>s/Arthur J. Boylan</u>
    Arthur J. Boylan
    United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before June 23, 2013.